No. 3437.—STATE ex rel. NEW ORLEANS AND HAVANA STEAMSHIP AND LOTTERY COMPANY *v.* THE JUDGE OF THE EIGHTH DISTRICT COURT.

The judge *a quo* is vested with discretionary power and authority to dissolve an injunction on bond. The writ of mandamus will not therefore issue from the appellate court directing the judge *a quo* to dissolve it on bond.

APPLICATION for Writ of Mandamus. *Cotton & Levy* and *Albert Voorhies*, for relators. *H. C. Dibble*, Judge, respondent.

HOWE, J. The relators being under injunction in the Eighth District Court, applied to the judge thereof to have the injunction dissolved upon their giving bond under article 307 C. P. The judge, in the exercise of the discretion reposed in him by the article under which the application was made, declined to dissolve the injunction.

The relators now apply to this court for a mandamus to compel the Judge of the Eighth District Court to dissolve the injunction ; in other words, to compel him, in the exercise of a distinctly conferred discretion, to do what he thinks he ought not to do, and therefore does not choose to do.

The doctrines that a mandamus can not be used to compel the performance of a discretionary act, and that this court will issue the writ only in aid of its appellate jurisdiction, are well settled.

An *appeal* from the action of a district judge under article 307 C. P. may lie in certain cases, as in De la Croix *v.* Villeré, 11 An. 39, and White *v.* Casanave, 14 An. 57, but we perceive no legal reason for the mandamus asked for in this case. As well might we issue a mandamus to compel the judge to decide the cause on its merits in such a manner as to suit the wishes of the relators and our own views of law and fact.

Mandamus refused.